<span style="color:red">CORRECTED</span>

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-1460V
UNPUBLISHED

|  |  |
|---|---|
| SUSAN CLAYTON, as administrator for ESTATE OF HARRIET ROBIRTS, Deceased,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>        Respondent. | Chief Special Master Corcoran<br><br>Filed: January 4, 2023<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Kyle Edward Pozza, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On September 23, 2019, the Administrator of the Estate of Harriet Robirts, Deceased,[2] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.SC. §300aa-10, *et seq.*[3] (the "Vaccine Act"). Petitioner alleges that Harriet Robirts suffered left shoulder injuries related to vaccine administration ("SIRVA") as a result of an influenza vaccine administered on September 26, 2017. Petition at 1-3.  Petitioner further alleges the vaccine was administered in the United States, Ms. Robirts' injuries and sequelae lasted more than six months, and neither

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Initially, the Administrator was Ernest Robirts. While the case was pending, Susan Clayton was appointed Administrator, and the caption was amended to reflect this on March 11, 2022.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner nor any other party had filed an action or received compensation in the form of an award or settlement for Ms. Robirts' vaccine-related injuries. Petition at ¶¶ 3, 13-15. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 4, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On January 3, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner, as administrator of the estate of Harriet Robirts, should be awarded $55,000.00. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner, as administrator of the estate of Harriet Robirts, is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $55,000.00 in the form of a check payable to Petitioner as administrator of the estate of Harriet Robirts.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____
)
SUSAN CLAYTON, administrator of the )
Estate of HARRIET ROBIRTS, deceased, )     No. 19-1460V
)     Chief Special Master Brian H. Corcoran
Petitioner, )     ECF
)
v. )
)
SECRETARY OF HEALTH AND )
HUMAN SERVICES, )
)
Respondent. )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 1, 2021, respondent filed a Vaccine Rule 4(c) report conceding that entitlement to compensation was appropriate under the terms of the Vaccine Act.  ECF No. 27. On October 4, 2021, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that Harriet Robirts received an influenza ("flu") vaccination on September 26, 2017, and was entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, and related sequela.  ECF No. 28.

## I.      Amount of Compensation

Respondent now proffers that, based on the Chief Special Master's entitlement ruling and the evidence of record, petitioner, as administrator of the estate of Harriet Robirts, should be awarded a lump sum of **$55,000.00**.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

1

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made as described below, and request that the Chief Special Master's damages decision and the Court's judgment award the following: [1]

### A. Petitioner's Damages

Respondent recommends that the compensation provided to petitioner, as administrator of the estate of Harriet Robirts, should be made through a lump sum payment of **$55,000.00,** in the form of a check payable to petitioner as administrator of the estate of Harriet Robirts. Petitioner agrees.

### B. Guardianship

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.

/s/ Kyle E. Pozza
KYLE E. POZZA
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 616-3661
E-mail: Kyle.Pozza@usdoj.gov

Dated: January 3, 2023